This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

jk

Mailed:  March 12, 2012

Cancellation No. 92054121

Jacques Moret, Inc.

v.

Speedo Holdings B.V.

Before Wellington, Lykos and Shaw,
Administrative Trademark Judges.

By the Board:

This proceeding is before the Board for consideration of Speedo Holdings B.V.'s ("respondent") motion (filed July 26, 2011) to dismiss the petition for cancellation pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  The motion has been fully briefed.

Background

Respondent, organized under the laws of the Netherlands and located in Amsterdam, owns a registration for the mark SPEEDRY for various clothing goods in International Class 25.[1]  The USPTO records indicate that, at the time the petition was filed, the correspondence address of record for respondent was in the Netherlands, and that respondent never designated a domestic representative.  While not required,

---

[1] Registration No. 3513161, registered October 7, 2008.

Cancellation No. 92054121

foreign domiciled applicants and registrants are encouraged by the USPTO to appoint domestic representatives upon whom notices or process in proceedings affecting the mark may be served. *See* Trademark Act § 1(e); Trademark Rule 2.24(a)(1). S*ee also* TMEP §§ 811, 1013 (8th ed. 2011).

On June 16, 2011, Jacques Moret, Inc. ("petitioner") filed a petition for cancellation of said registration, via the Board's ESTTA system,[2] asserting claims of priority and likelihood of confusion pursuant to Trademark Act § 2(d), 15 U.S.C. § 1052(d), and misrepresentation of the source of the goods under Trademark Act § 14(3), 15 U.S.C. § 1064(3). Petitioner asserts ownership of a registration, and a pending application, for the mark SPEED DRI for various clothing goods in International Class 25.[3] Counsel for petitioner affixed his electronic signature to the certificate of service on the ESTTA cover sheet, which reads: "The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address [of] record by First Class Mail on this date." In its brief opposing respondent's motion, petitioner's counsel admits that he did not serve respondent at its correspondence

---

[2] ESTTA is the acronym for Electronic System for Trademark Trials and Appeals, the Board's electronic filing system. Parties are strongly encouraged to file submissions to the Board via ESTTA. *See* TBMP § 110.09 (3d ed. 2011).

[3] Registration No. 2414630, registered December 19, 2000; first renewal November 20, 2010. Application Serial No. 85174754, filed November 11, 2010.

address of record, which, as noted above, is in the Netherlands. Instead, petitioner served Brad D. Rose of the law firm Pryor Cashman LLP, an attorney who was never respondent's counsel of record, but who responded in writing to a cease and desist letter that petitioner's counsel had sent to the counsel of record listed for respondent during ex parte examination, Brian R. McGinley of the law firm Sonnenschein, Nath & Rosenthal LLP. In that response, Mr. Rose identified himself as "new counsel to Speedo Holdings B.V."

In lieu of filing an answer, respondent, by way of a motion filed by an attorney from a third law firm, J. Allison Strickland of Fross, Zelnick, Lehrman & Zissu, P.C., moved to dismiss this proceeding pursuant to Fed. R. Civ. P. 12(b)(5), asserting that the proceeding was not properly instituted because petitioner failed to comply with the service requirements of Trademark Rules 2.111(a) and (b). Specifically, respondent argues that it never received a service copy of the petition at its address of record in the Netherlands, and that Trademark Rule 2.111 does not provide for service on an attorney for respondent unless the attorney is reflected in the Office records as domestic representative for respondent.[4]

---

[4] Where the Office records for a registration indicate an attorney of record, service on that attorney would comply with Trademark Rules 2.111 (a) and (b) only if the Office records

Cancellation No. 92054121

In its response and "Cross Motion to Accept Belated Service on the Director and Reset the Cancellation Filing Date," petitioner states that it "should have served the Director in accordance with 37 CFR [§] 2.24(a)(2)" (petitioner's brief, p. 1), and that upon learning of its error, it "served a copy of the Petition to Cancel on the Director with a new certificate of service" (petitioner's brief, p. 2). Petitioner concurrently filed a copy of the petition for cancellation with a certificate of service dated July 27, 2011, indicating service by first class mail on:

> Director of the United States Patent
> and Trademark Office
> P.O. Box 1450
> Alexandria, VA 22313-1450.

Petitioner requests that the filing date of the petition "be reset to July 27, 2011, the date of service on the Director" (petitioner's brief, p. 2). Petitioner's response is supported by a declaration of its counsel.

Analysis

ESTTA requires a petitioner to affirmatively represent to the Board that it has served a copy of the petition for cancellation on respondent, and to select the method by

---

indicate that the attorney is also designated as domestic representative. In such a situation, it is appropriate to serve the attorney *in his capacity as* domestic representative. This would not be service on an attorney of record, but rather service on a domestic representative, who happens to also be an attorney.

4

which the petitioner serves respondent; thus any petitioner who files through ESTTA will be viewed by the Board as having included proof of service with the pleading because a statement confirming service appears on the ESTTA-generated filing form as part of the complaint. However, the recitation of service on the complaint does not by itself effect service; petitioner must still make actual service of the complaint on respondent to comply with its service obligation. *See* TBMP § 309.02(c)(2) (3d ed. 2011).

Trademark Rules 2.111(a) and (b) govern the service of a petition for cancellation, and provide, in part:

> (a) A cancellation proceeding is commenced by filing in the Office a timely petition for cancellation with the required fee. The petition must include proof of service on the owner of record for the registration, or the owner's domestic representative of record, at the correspondence address of record in the Office, as detailed in §§ 2.111(b) and 2.119.

> (b) … Petitioner must serve a copy of the petition, including any exhibits, on the owner of record for the registration, or on the owner's domestic representative of record, if one has been appointed, at the correspondence address of record in the Office. The petitioner must include with the petition for cancellation proof of service, pursuant to § 2.119, on the owner of record, or on the owner's domestic representative of record, if one has been appointed, at the correspondence address of record in the Office…. (emphasis added).

Thus, the rules require a petitioner to serve a copy of the petition for cancellation either on the owner of record for the registration at the correspondence address of record in the Office for the owner, or, if the Office records for

5

the registration indicate that a domestic representative has been appointed, on the domestic representative at the correspondence address of record in the Office for the domestic representative.  To determine the correspondence address of the owner of record, or of the domestic representative, a petitioner may consult the Office's Trademark Status and Document Retrieval (TSDR) system.[5]  *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242-43 (August 1, 2007) ("To determine the correspondence address of record for an applicant or registrant, the plaintiff must check the … [TARR, now TSDR] system…."); TBMP § 309.02(c)(2) (3d ed. 2011).  As the Board has further clarified, the petition need only be served at the current owner's or domestic representative's address of record displayed on the TARR [now TSDR] website, including any relevant assignment information for the owner, such as information from the "View Assignment" or "Assignment" link. *See* TBMP § 309.02(c)(2) (3d ed. 2011).  Where the Office records for a registration indicate the existence of an attorney of record, but said attorney is not also designated as domestic representative for the registration, service of a petition for cancellation on said attorney is

---

[5] The Office has replaced the TARR system with the Trademark Status and Document Retrieval (TSDR) system.  TSDR integrates the former TARR and Trademark Document Retrieval (TDR) systems into one database.

insufficient.  Service of a petition for cancellation on an attorney who represented the registrant during ex parte prosecution, or who represented or represents the registrant with respect to other matters, is insufficient unless the attorney is <u>also</u> listed in the Office records for the registration as the domestic representative.

Attesting to proof of service of an ESTTA filing without actually effecting service in accordance with the rules is insufficient to commence the proceeding.  *See Springfield Inc. v. XD,* 86 USPQ2d 1063, 1064 (TTAB 2008).  As noted above, a cancellation is not properly commenced if a copy of the petition, with any exhibits, is not served on the owner of record, or its domestic representative, at the correspondence address of record for the owner or domestic representative. *See* Trademark Rule 2.111(a).

Here, the USPTO TARR/TSDR records indicate that respondent, Speedo Holdings B.V., is, and was at the time petitioner filed the petition for cancellation,[6] the owner of record for Registration No. 3513161, and that respondent did not designate a domestic representative.  Accordingly, to satisfy the service requirements, petitioner was obligated to serve, concurrently with filing its petition for cancellation with the Board, a copy thereof on Speedo

---

[6] No assignment records are associated with the registration.

Holdings B.V. at its correspondence address of record in the Netherlands.

Petitioner's service on Brad D. Rose of Pryor Cashman LLP, an attorney who was never counsel of record, nor appointed domestic representative, was insufficient. While petitioner's communications with Mr. Rose may have led petitioner to conclude that it could serve the petition on Mr. Rose, that was not the case. The applicable rules still required service on respondent. Under these circumstances, any service on Mr. Rose would, at best, be characterized as service of a courtesy copy of the petition.[7]

The importance of serving either respondent at its address of record, or the domestic representative at its address of record, as required by Trademark Rules 2.111(a) and (b), is underscored in situations where, as here, a petitioner, at the time of filing its petition, has correspondence information for respondent that is not reflected in the Office's records (*e.g.*, TSDR records differ from communication received from respondent or from a person indicating he or she is or may be representing respondent).

---

[7] While the Board encourages service of courtesy copies in appropriate circumstances, such a copy does not substitute for proper service in compliance with the applicable rules. *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. at 42243 ("a plaintiff may wish to serve a *courtesy copy* on any party at any address the plaintiff may have reason to believe is more current than the address for that party listed in the Office records") (emphasis added).

To be absolutely clear, Trademark Rules 2.111(a) and (b) require that the cancellation petitioner must serve the owner of record for the registration at its address of record, or the appointed domestic representative at its address of record. A petitioner may forward a courtesy copy to an attorney who it believes is representing respondent.[8] *See* TBMP § 309.02(c)(2) (3d ed. 2011).

Finally, there is no authority to support petitioner's claim that serving the Director under Trademark Rule 2.24(a)(2) satisfied its service obligation. The case on which petitioner relies, *Equine Touch Foundation Inc. v. Equinology Inc.,* 91 USPQ2d 1943 (TTAB 2009), neither provides for such procedure, nor provides support for petitioner's position. Trademark Rule 2.24, which is entitled "Designation and Revocation of Domestic Representative by Foreign Applicant" and appears under the heading "Application for Registration" in 37 CFR Part 2,

---

[8] Plaintiffs should note, however, that the duration of a power of attorney filed in connection with ex parte prosecution is considered limited. Specifically, a power of attorney filed under Trademark Rule 2.17(g)(1) while an application is pending is construed by the USPTO to end when the mark registers, when ownership changes or when the application is abandoned. *See also* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. at 42243 ("A plaintiff filing a petition for cancellation must serve the owner of the registration… [and] is not expected to serve any attorney who may have represented the registrant before the Office in the prosecution of the application…."). Similarly, under Trademark Rule 2.17(g)(2), a power of attorney filed after registration ends when the mark is cancelled or expired, or when ownership changes, and one filed in connection with a post-registration affidavit is deemed to end upon acceptance or final rejection of that filing.

governs service of notices or process in applications during ex parte prosecution, and does not govern service of complaints or other papers in cancellation proceedings.

In summary, petitioner failed to effect service, as required by Trademark Rules 2.111(a) and (b). In view of these findings, respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is granted.

However, inasmuch as it filed the motion to dismiss, the firm of Fross, Zelnick, Lehrman & Zissu, P.C. is now recognized as counsel of record for respondent in this proceeding. *See* Trademark Rules 2.17(b) and 2.17(c); TBMP § 114.03 (3d ed. 2011). Accordingly, notwithstanding our finding that petitioner's two prior attempts to serve its complaint were defective, under the facts and history of this particular case, we recognize that respondent is clearly on notice of this proceeding.[9] The date of institution of this proceeding will be amended to July 28, 2011. *See* Trademark Rule 2.113(a).

In view thereof, proceedings are resumed, and respondent is allowed until thirty (30) days from the mailing date of this order in which to file its answer. All subsequent conferencing, disclosure, discovery and trial

---

[9] In particular, we note that petitioner served respondent's current counsel, the firm of Fross, Zelnick, Lehrman & Zissu, P.C., on July 28, 2011, with a copy of the petition for cancellation as an exhibit to the declaration in support of petitioner's brief in opposition to the motion to dismiss.

dates are reset as indicated below.  Inasmuch as the filing of a motion to dismiss based solely on the issue of service occasioned delay in this proceeding, the Board expects respondent to answer within the time allowed, and expects the parties to proceed without delay to hold the required settlement and discovery planning conference.

Conferencing, disclosure, discovery and trial dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | 5/25/2012 |
| Discovery Opens | 5/25/2012 |
| Initial Disclosures Due | 6/24/2012 |
| Expert Disclosures Due | 10/22/2012 |
| Discovery Closes | 11/21/2012 |
| Plaintiff's Pretrial Disclosures Due | 1/5/2013 |
| Plaintiff's 30-day Trial Period Ends | 2/19/2013 |
| Defendant's Pretrial Disclosures Due | 3/6/2013 |
| Defendant's 30-day Trial Period Ends | 4/20/2013 |
| Plaintiff's Rebuttal Disclosures Due | 5/5/2013 |
| Plaintiff's 15-day Rebuttal Period Ends | 6/4/2013 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.